IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIANE D. DICK,<br><br>Plaintiff,<br><br>vs.<br><br>PHONE DIRECTORIES COMPANY, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR JURY TRIAL<br><br><br><br>Case No. 2:01-CV-785 TS |

Before the Court is Plaintiff's Motion for Jury Trial.  For the reasons discussed below, the

Court will deny Plaintiff's Motion.

## I.  BACKGROUND

Plaintiff filed her original Complaint in this matter on October 10, 2001.[1]  Plaintiff's

original Complaint contained no jury demand.  On June 27, 2005, Plaintiff and Defendant agreed

to an Amended Scheduling Order.[2]  In that Amended Scheduling Order, a seven-day bench trial

---

[1] Docket No. 1.

[2] Docket No. 54.

was set for June 12, 2006.[3]  On January 12, 2006, Plaintiff's current counsel entered their

appearance.[4]  That same day, Plaintiff submitted her Motion for Jury Trial.[5]

## II.  ANALYSIS

Plaintiff brings her Motion pursuant to Rule 39(b).  That rule states, in pertinent part, that

"notwithstanding the failure of a party to demand a jury in an action in which such a demand

might have been made of right, the court in its discretion upon motion may order a trial by a jury

of any or all issues."[6]  The Tenth Circuit has held that "absent strong and compelling reasons to

the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury

trial."[7]  That court stated "that it would not be an abuse of discretion to deny relief pursuant to

Rule 39(b) when the failure to make a timely jury demand results from nothing more than the

mere inadvertence of the moving party."[8]

Here, Plaintiff has waited over four years to make a jury demand.  At this point, trial is

less than four months away.  Plaintiff's present counsel is unable to determine why a jury

demand was not made in this case.  Plaintiff states that she assumed that such a demand had been

made until, upon review of the file, Plaintiff's current counsel discovered that no jury demand

had been made.

---

[3]*Id*. at 2.

[4]Docket No. 59.

[5]Docket No. 57.

[6]Fed.R.Civ.P. 39(b).

[7]*Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).

[8]*Id*.

From this, the Court can only conclude that, at best, Plaintiff's failure to make a timely jury demand was caused by the mere inadvertence or oversight of her previous counsel.  Plaintiff can show no more than this.  In fact, it is very possible that Plaintiff, through her former counsel, made a conscious decision not to make a jury demand.  Her mistaken belief that her previous counsel had made a jury demand is unavailing.  As the Tenth Circuit has stated, the "mistaken assumption that the plaintiff had initially requested a jury trial does not amount to more than mere inadvertence."[9]

Further, there are compelling reasons which prevent the Court from granting the Motion at this late date.  As noted above, Plaintiff's jury demand was filed significantly late—four years—and trial is set to begin in this matter in less than four months.  Significant discovery has taken place in this case.  Further, Plaintiff has failed to offer any reasons why the demand was not filed sooner.  As a result, Plaintiff's Motion for Jury Trial is denied.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Jury Trial (Docket No. 57) is DENIED.  It is further

ORDERED that the hearing set for March 21, 2006, is VACATED.

---

[9]*Id.*

3

DATED   March 6, 2006.

BY THE COURT:

_____

TED STEWART
United States District Judge